# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 27, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KATHLEEN PUHI and | * | |
| KAWELOLANI PUHI, on behalf | * | |
| of K.P., a minor, | * | Unpublished |
| | * | |
| Petitioners, | * | No. 20-533V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Stipulation; Measles- |
| AND HUMAN SERVICES, | * | Mumps-Rubella ("MMR") and |
| | * | Meningococcal ("MCV"); Immune |
| Respondent. | * | thrombocytopenia purpura ("ITP"). |
| * * * * * * * * * * * * | | |

*Diana L. Stadelnikas,* Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
*Claudia B. Gangi,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On April 30, 2020, Kathleen Puhi and Kawelolani Puhi, on behalf of K.P., a minor, ("petitioners") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners alleged that after K.P. received the measles-mumps-rubella ("MMR") and the meningococcal ("MCV") vaccines on July 13, 2018, K.P. suffered from immune thrombocytopenia purpura ("ITP"). *Id.* at Preamble.

On October 27, 2022, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 36). Respondent denies that

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

the MMR and MCV vaccines is the cause of K.P.'s ITP, or any other injury, and denies that K.P.'s current condition is a sequelae of a vaccine-related injury. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

A) **A lump sum of $6,000.00, which amount represents compensation for past unreimburseable expenses, in the form of a check payable to petitioners, Kathleen Puhi and Kawelolani Puhi;**

B) **An amount of $95,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| KATHLEEN PUHI and KAWELOLANI PUHI on behalf of K. P., a minor child,<br><br>    Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 20-533V<br>Special Master Gowen<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of their son, K.P., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to K.P.'s receipt of the Measles-Mumps-Rubella ("MMR") and Meningococcal ("MCV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. K.P. received his vaccinations on July 13, 2018.

3. The vaccines were administered within the United States.

4. Petitioners allege that K.P. suffered from immune thrombocytopenia purpura ("ITP") as a result of the MMR and MCV vaccines, within a time period set forth in the Table, or in the alternative, that his ITP was caused by the MMR and MCV vaccines. They further allege that K.P. suffered the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of K.P. as a result of his condition.

6. Respondent denies that K.P. sustained a Table ITP injury; denies that the MMR and MCV vaccines caused K.P.'s ITP, or any other injury; and denies that K.P.'s current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $6,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Kathleen Puhi and Kawelolani Puhi;
>
> b. An amount of $95,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of K.P., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to K.P. for pain and suffering, as follows:

a. On July 30, 2027, a certain lump sum of $110,245.91.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $95,000.00. In the event that the cost of the annuity set forth above varies from $95,000.00, the certain lump sum payable on July 30, 2027, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $95,000.00. The certain lump sum payment provided herein shall be made to K.P. as set forth above. Should K.P. predecease payment of the certain lump sum payment set forth above, said payment shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of K.P.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of K.P. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within ninety (90) days of the judgment will become, duly authorized to serve as guardians/conservators of K.P.'s estate under the laws of the State of Hawaii.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their

4

individual capacities and as legal representatives of K.P., on behalf of themselves, K.P., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of K.P. resulting from, or alleged to have resulted from, the MMR and MCV vaccinations administered on July 13, 2018, as alleged by petitioners in a petition for vaccine compensation filed on or about April 30, 2020, in the United States Court of Federal Claims as petition No. 20-533V.

18. If K.P. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR and MCV vaccines caused K.P. to suffer from ITP, or any other injury or K.P.'s current condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of K.P.

**END OF STIPULATION**

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

_[signature]_

KATHLEEN PUHI

**PETITIONER:**

_[signature]_

KAWELOLANI PUHI

**ATTORNEY OF RECORD FOR PETITIONERS:**

_[signature]_

DIANA L. STADELNIKAS, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (888) 952-5242
Email: dstadelnikas@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.10.12 20:48:48 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 10-27-22

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_[signature]_

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

_[signature]_

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138
Email: claudia.gangi@usdoj.gov